United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

USA,

              Plaintiff,

      v.

ZARGARYAN,

              Defendant.

Case No. 15-cr-00234-CRB-19

**ORDER RE: COMPASSIONATE
RELEASE MOTION**

Defendant Arman Zargaryan ("Zargaryan") is currently serving a 35-month sentence after pleading guilty to his role in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).  He brings this motion for compassionate release and reduction of his sentence pro se pursuant to 18 U.S.C. § 3582(c)(1)(A).  See Mot. (dkt. 2102).  The government opposes the motion.  See Opp'n (dkt. 2105).

I.       DISCUSSION

Prior to bringing a motion for compassionate release, a defendant must first exhaust his administrative remedies by either (1) "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility."  See 18 U.S.C. § 3582(c)(1)(A).  This administrative exhaustion requirement "is mandatory and must be enforced when properly raised by the government."  United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021).

The government asserts that Zargaryan has failed to properly exhaust his administrative remedies prior to filing this motion.  See Opp'n at 6–8.  Zargaryan submitted a BP-9 form, entitled Request for Administrative Remedy, on November 13,

2023.  See Mot, Ex. G (dkt. 2102-1) at 1.  In the "Inmate Request" section, Zargaryan stated that he would like to request compassionate release "due to extensive heart issues" and him not "receiving medical treatment" at FCI Sheridan.  Id.  He also explicitly cited the exhaustion requirement, noting: "18 U.S.C. § 3582 requires an inmate to submit a request to the facility's warden (via BP-9) prior to submission to the US District Court, hence this Request."  Id.  Two days after Zargaryan submitted the BP-9 form, he received a rejection from the Administrative Remedy Coordinator of FCI Sheridan, explaining that he "must submit a written request to the Warden prior to submitting a BP-9."  Id. at 2 (emphasis added)  There is no evidence that Zargaryan ever submitted any additional written requests.[1]

The government points to this rejection letter as evidence that Zargaryan failed to exhaust his administrative remedies because the Warden of FCI Sheridan did not receive Zargaryan's BP-9, and Zargaryan did not send a follow-up request to the Warden after the rejection letter.[2]  See Opp'n at 7; see also 18 U.S.C. § 3582(c)(1)(A).  The government is right.  The exhaustion requirement mandates that Zargaryan wait 30 days after the Warden of his facility receives his request before filing a motion for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A).  The Warden of FCI Sheridan has not received Zargaryan's request, so the 30-day timer has not started.

Zargaryan disputes this conclusion, citing several cases in which "a BP-9 was submitted by Sheridan Camp inmates" and it was considered "the inmate making a request

---

[1] Zargaryan claims that he received a "denial of his request from the Warden" in December.  Mot. at 8–9.  But he does not include the date of any such denial, and the exhibit he cites to, "Exhibit I," was not filed with the Court.  Id.  The Court believes that Zargaryan is referring to the response from the Administrative Remedy Officer.

[2] The government also asserts that Zargaryan's request fails to satisfy the exhaustion requirement because it did not contain sufficient information detailing his proposed release plan, as required by 28 C.F.R. § 571.61(a).  See Opp. at 7.  The Court rejects this contention.  The regulation that the government points to requires that Zargaryan's proposed release plans include "where [he] will reside, how [he] will support himself[], and . . . information on where [he] will receive medical treatment, and how [he] will pay for such treatment."  28 C.F.R. § 571.61(a).  Zargaryan's request includes all of this information.  See Mot, Ex. G at 1.

2

United States District Court
Northern District of California

to the warden." See Reply (dkt. 2125) at 3.  But those cases do not support Zargaryan's position.  In most of the cases, the government did not dispute exhaustion.  See United States v. Pedrotti, No. 21-cr-00388-IM (D. Or. Jan. 5, 2024), United States v. Ashcraft, No. 2:22-CR-00087-KJM, 2024 WL 519966 (E.D. Cal. Feb. 9, 2024), and United States v. Esparza, No. 115CR00319JLTSKO1, 2024 WL 216558, at *1 (E.D. Cal. Jan. 19, 2024).[3]  Meanwhile, in United States v. Padilla, the court specifically found that the inmate's request was received and denied by the warden.  No. 1:06-CR-00059-JLT, 2022 WL 1190224, at *1 (E.D. Cal. Apr. 21, 2022).  Additionally, the Court notes that it was unable to find "USA v. Torres-Nieves, 9th Cir., Oregon 2023" or "USA v. Radka, 9th Cir., E. Washington 2023" given the lack of case citations.  In sum, Zargaryan cites no authority in this circuit that persuades this Court that he has exhausted despite the Warden never receiving his request.

Because Zargaryan has not exhausted his administrative remedies, this Court cannot rule on the merits of his compassionate release motion at this time.  See Keller, 2 F.4th at 1281.  His motion is thus DENIED, without prejudice to refiling once he has exhausted.

The Court also wishes to address several assertions made by Zargaryan that are of great concern.  First, according to Zargaryan, he is unable to send his request directly to the Warden.  See Reply at 2.  He says the "only options for contacting the Warden are the submission of a paper copy BP-9 or the submission electronically of an informal electronic 'COP OUT.'"  Id.  He already tried the BP-9 option (to no avail), and according to Zargaryan, "inmates [at FCI Sheridan] cannot use the electronic option as the Warden has been removed from the contacts on the Inmate Request to Staff page of the computer, making it impossible for an inmate to submit an electronic request."  Reply at 2.  If true, it appears that Zargaryan cannot satisfy the exhaustion requirement on his own.

Therefore, the Court DIRECTS the government to promptly send Zargaryan's

---

[3] Zargaryan cited United States v. Ashcraft as a case in the Northern District of California, but the Court was only able to find an Eastern District of California case. Reply at 3.  Same with United States v. Esparza.  See id.

United States District Court
Northern District of California

request to the Warden at FCI Sheridan on Zargaryan's behalf.  The government shall file a declaration on the date the Warden receives the request.  The government shall also determine whether Zargaryan's concerning allegations about FCI Sheridan inmates' inability to send requests to the Warden are true and shall inform the Court of its findings.

That brings the Court to its second concern: the failure of FCI Sheridan to give Zargaryan an angiography.  Zargaryan has submitted a letter from his primary physician explaining the critical importance of Zargaryan getting an angiography.  See Mot., Ex. E (dkt. 2102-1) at 1.  In that letter, dated December 11, 2023, his primary physician stated: "It is crucial for [Mr. Zargaryan's] health that he undergoes the recommended angiography and, if necessary, stent placement.  This intervention is essential in preventing a potential myocardial infarction and avoiding the exacerbation of his existing medical conditions." Id.  Zargaryan indicates that he has submitted "not less than six" requests via BP-AO148 forms for this medical procedure and that his requests have all been ignored.  Mot. at 7. He also states that he followed up "on the angiogram status" with Health Services, but a "nurse informed him that there was nothing in his file regarding an angiogram."  Id.

Despite his physician's letter describing the importance, and his several attempts requesting one, Zargaryan has yet to undergo an angiography.  The government acknowledges that "no angiogram has been provided to date," but does not explain why this is the case.  See Opp'n at 11.  The government says Zargaryan has been provided "other tests and prescriptions" to treat his chronic conditions, but this does not address whether an angiography is needed in addition to the medical care Zargaryan has received. Accordingly, the Court DIRECTS the government to also file a declaration informing the Court either that (1) BOP medical staff has provided Zargaryan with an angiography, and any subsequent medical care deemed necessary by the results of the angiography, or (2) there is good reason that it has not done so, despite the letter from Zargaryan's primary physician.  See Mot., Ex. E at 1.

**II.     CONCLUSION**

1.  Zargaryan's motion is DENIED, without prejudice to a future motion after he

has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

2. The Court DIRECTS the government to promptly send Zargaryan's BOP Form BP-9 to the Warden at FCI Sheridan. <u>See</u> Mot., Ex. G at 1. The government shall file a declaration on the date the Warden receives the BP-9. Should the Warden not receive the BP-9 by March 14, 2024, the government shall file a declaration on that date explaining why the Warden has yet to receive it.

3. The Court DIRECTS the government file a declaration by March 18, 2024, informing the Court either that (1) BOP medical staff has provided Zargaryan with an angiography, and any subsequent medical care deemed necessary by the results of the angiography, or (2) there is good reason that it has not done so, despite the letter from Zargaryan's primary physician. <u>See</u> Mot., Ex. E.

4. The Court DIRECTS the government to determine whether Zargaryan's allegations about FCI Sheridan inmates' inability to contact the Warden through either paper BP-9 forms or through the informal electronic system are true. <u>See</u> Reply at 2. The government shall file a declaration by March 22, 2024 explaining its findings.

**IT IS SO ORDERED.**

Dated:  March 7, 2024

_____
CHARLES R. BREYER
United States District Judge